# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1406 | **DATE** | 9/27/2004 |
| **CASE TITLE** | TRADEWINDS AVIATION, INC., et al vs. JET SUPPORT SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: JSSI's motion to dismiss [doc. no. 22-1] is denied, and JSSI's motion to strike [doc. no. 23-1] is granted. Plaintiffs' Motion for Leave to Supplement Response Brief to Motion to Dismiss [doc. no. 34-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | SEP 28 2004 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | | date mailed notice |
| | | | mailing deputy initials |

| | |
|---|---|
| TRADEWINDS AVIATION, INC. and CORPORATE EAGLE CAPITAL, L.L.C., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| JET SUPPORT SERVICES, INC., | ) ) |
| Defendant. | ) ) ) |

Judge Ronald A. Guzmán

04 C 1406

**DOCKETED**

SEP 2 8 2004

## MEMORANDUM OPINION AND ORDER

In this diversity action, plaintiffs Tradewinds Aviation, Inc. ("Tradewinds") and Corporate

Eagle Capital, L.L.C. ("Corporate Eagle") seek compensatory and consequential damages, costs, and

attorneys' fees for breach of contract against defendant Jet Support Services, Inc. ("JSSI"). In Count

II of the Amended Complaint, Corporate Eagle alleges breach of contract as a third-party beneficiary.

JSSI, in separate motions, moves to (1) dismiss Count II for failure to state a claim upon which relief

may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6); and (2) strike

Plaintiffs' jury demand and prayer for consequential damages. For the reasons set forth below, the

Court denies the motion to dismiss and grants the motion to strike.

## FACTS

The following facts from the Amended Complaint are presumed to be true for the purposes

of this motion to dismiss. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Tradewinds, which

operates a corporate aircraft management service, and Corporate Eagle, which owns corporate

aircraft, are participants in a joint venture. (Am. Compl. ¶¶ 1-2, 6.) Pursuant to the joint venture, Corporate Eagle owns certain aircrafts in Tradewinds' fleet, Corporate Eagle leases the aircrafts to third parties, and Tradewinds provides management services for the aircrafts. (*Id.* ¶ 6.) One of the Corporate Eagle aircrafts that Tradewinds manages is a Hawker aircraft with the serial number NA-0291 and registration number N947CE ("Hawker Aircraft"). (*Id.*)

Tradewinds and JSSI entered into a contract whereby JSSI would provide, among other things, programs for the repair and maintenance of the turbine engines identified in the Application section of the contract. (*Id.* ¶ 7; Am. Compl. Ex. A, JSSI Complete Engine Maintenance Program Contract ["Contract"] at 8.)[1] The Application lists the Hawker Aircraft and explicitly notes that Corporate Eagle is the owner of the aircraft. (Am. Compl. Ex. A, Contract at 21.)

After Tradewinds and JSSI entered into the contract, the Hawker Aircraft twice sustained engine damage. (Am. Compl. ¶¶ 9, 11.) On both occasions the Hawker Aircraft was taken to a JSSI-authorized repair facility, and the faulty engine was replaced with a loaner engine. (*Id.* ¶¶ 10, 12.) The damaged engine was submitted to JSSI for replacement or repair, and the repair and rental costs were submitted to JSSI for reimbursement. (*Id.* ¶ 13.) JSSI has not repaired or replaced the engine or reimbursed plaintiffs for the aforementioned charges. (*Id.* ¶ 14.) JSSI denies liability under the contract, contending that the engines were damaged from pilots hot starting the engines, damage that is not covered under the contract. (*Id.*) Plaintiffs deny hot starting the engines and allege that JSSI has failed to satisfy its obligations under the contract. (*Id.* ¶ 16.)

---

[1] Pursuant to Rule 10(c), "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

Corporate Eagle alleges that it was an intended third-party beneficiary of the contract and that JSSI therefore breached contractual obligations owed to Corporate Eagle. (*Id.* ¶ 27.) Corporate Eagle further alleges that JSSI was aware that Tradewinds managed Corporate Eagle aircrafts and that JSSI entered into the contract contemplating that it would benefit Corporate Eagle if a Corporate Eagle aircraft engine required maintenance. (*Id.* ¶¶ 7, 24.)

Among other things, Plaintiffs pray for damages for all natural, proximate and probable or direct consequential damages. (*Id.* ¶ B.) In addition, Plaintiffs demand a jury trial. Defendant now moves to dismiss Count II and to strike Plaintiffs' jury demand and their request for consequential damages.

## DISCUSSION

### I.    Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) challenges whether the complaint sets forth a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In deciding a motion to dismiss, the Court must assume all well-pleaded facts as true and draw all reasonable inferences from such facts in favor of the claimant.[2] *Conley*, 355 U.S. at 45-46. Furthermore, under the federal notice pleading standard, a short and plain statement of the claim and the grounds for such claim is sufficient to survive a motion to dismiss; detailed facts are not required. *Id.* at 47.

---

[2] For this reason, the Court denies Plaintiffs' Motion for Leave to Supplement Response Brief to Motion to Dismiss. The motion seeks to supplement its response with alleged testimonial admissions made by JSSI's representatives, and factual proof of Plaintiffs' allegations is not necessary to decide the motion.

JSSI's motion to dismiss argues that Corporate Eagle is not a third-party beneficiary of the contract and thus lacks standing to sue for breach of contract. "Whether a plaintiff is a third-party beneficiary of a contract is a legal conclusion that [the Court] need not accept for the purpose of a motion to dismiss." *Choi v. Chase Manhattan Mortgage Co.*, 63 F. Supp. 2d 874, 881 (N.D. Ill. 1999); *see Christakos v. Intercounty Title Co.*, No. 99 C 8334, 2001 WL 138896, at *4 (N.D. Ill. Feb. 16, 2001).

The parties agree that Illinois law governs the interpretation of the contract. (Am. Compl. Ex. A, Contract at 13.) Under Illinois law, there is a strong presumption against third-party beneficiaries because it is assumed that parties to a contract intend the contract to apply only to them. *Quinn v. McGraw-Hill Cos., Inc.*, 168 F.3d 331, 334 (7th Cir. 1999). However, a third-party beneficiary does have standing to sue on a contract, although not a party to the contract, if the contracting parties intended the third party to benefit from the contract. *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 930 (7th Cir. 2003) (explaining that a third party who receives an unintended benefit from the contract is an incidental third party and does not have standing). The intent of the contracting parties is "based on the contract as a whole as well as the understandings between the parties at the time of the contract's execution." *Id.* The surrounding circumstances at the time of execution are also taken into account. *F.W. Hempel & Co., Inc. v. Metal World, Inc.*, 721 F.2d 610, 613 (7th Cir. 1983); *McCoy v. Ill. Int'l Port Dist.*, 778 N.E.2d 705, 712 (Ill. App. Ct. 2002). The best evidence of the parties' intent is express language in the contract identifying the third-party beneficiary, but an implied showing may be sufficient if "'the implication that the contract applies to third parties [is] so strong as to be practically an express declaration.'" *Quinn,*

4

168 F.3d at 334 (quoting *155 Harbor Drive Condo. Ass'n v. Harbor Point, Inc.*, 568 N.E.2d 365, 375 (Ill. App. Ct. 1991)).

JSSI argues that Corporate Eagle is not a third-party beneficiary because the contract expressly excludes third-party beneficiaries. (Def.'s Mot. Dismiss at 3.) The provision states, in part, that the rights and obligations of the parties are for the exclusive benefit of such parties and shall not benefit any unrelated third parties. (Am. Compl. Ex. A, Contract at 13.) Corporate Eagle argues that it is not an unrelated party because of its joint venture with Tradewinds. (Pl.'s Resp. Mot. Dismiss at 6.) After reviewing the Amended Complaint (including the attached contract) and making all reasonable inferences in favor of the plaintiff, the Court finds that Corporate Eagle has set forth a claim upon which relief may be granted. Corporate Eagle alleges that JSSI was aware that Tradewinds managed Corporate Eagle aircrafts. (Am. Compl. ¶ 24.) In addition, Corporate Eagle alleges that JSSI and Tradewinds "clearly contemplated" that the contract would benefit Corporate Eagle if one of its aircraft had engine problems. (*Id.* ¶ 7.) The contract also expressly provides for the coverage of engines listed in the Application. (*Id.* Ex. A, Contract at 8.) The Hawker Aircraft is included in the Application, and Corporate Eagle is listed as its owner. (*Id.* at 19-21.) As a result, Corporate Eagle is expressly included in the contract, and the alleged circumstances surrounding the contract's execution may show that Corporate Eagle was an intended third-party beneficiary. *See Paukovitz v. Imperial Homes, Inc.*, 649 N.E.2d 473, 475-76 (Ill. App. Ct. 1995) (reversing the dismissal of the plaintiff's third-party beneficiary breach of contract claim because the plaintiff's name appeared on the contract, and the parties to the contract negotiated with the knowledge the plaintiff would benefit from the contract).

Accordingly, it is reasonable to infer that Tradewinds and JSSI intended the contract to benefit Corporate Eagle and did not intend for the provision against third-party beneficiaries to apply to Corporate Eagle. *See Am. United Logistics*, 319 F.3d at 930-31 (holding that the plaintiff stated a claim as a third-party beneficiary despite express contractual language that "'nothing herein is intended to create any third party benefit,'" when a separate contractual provision expressly conferred an intended benefit on the plaintiff and the circumstances surrounding the contract's execution supported the intention). Despite the strong presumption against third-party beneficiaries under Illinois law, the Court finds that the allegations in the Amended Complaint, taken as true and with all reasonable inferences drawn in favor of Corporate Eagle, are sufficient to set forth a third-party beneficiary breach of contract claim. Therefore, JSSI's motion to dismiss Count II is denied.

## II.      Motion to Strike Jury Demand

JSSI argues Plaintiffs' jury demand should be stricken because the contract at issue contains an express "Waiver of Jury Trial" provision. Although the Seventh Amendment to the United States Constitution guarantees the right to a jury trial in civil cases, the right may be waived if contracting parties knowingly and voluntarily agree to a waiver. *In re Reggie Packing Co., Inc.*, 671 F. Supp. 571, 573 (N.D. Ill. 1987). Because of the fundamental nature of a jury trial, every reasonable presumption is indulged against waiver. *Whirlpool Fin. Corp. v. Sevaux*, 866 F. Supp. 1102, 1105 (N.D. Ill. 1994). Courts consider four factors in determining whether a party knowingly and voluntarily entered into a waiver: "(1) the parties' negotiations concerning the waiver provision, if

any; (2) the conspicuousness of the provision; (3) the relative bargaining power of the parties; and (4) whether the waiving party's counsel had an opportunity to review the agreement."[3] *Id.*

With respect to the first factor, the absence of negotiations tends to militate against a finding of waiver. *Id.* at 1106. When a form contract is not susceptible to negotiation, there is a presumption that the parties did not knowingly and voluntarily agree to the waiver. *See Heller Fin., Inc. v. Finch-Bayless Equip. Co., Inc.*, No. 90 C 1672, 1990 WL 77500, at *2 (N.D. Ill. May 31, 1990). Plaintiffs argue that the contract was a form contract, routinely used by JSSI, "without *substantial* negotiations for *all* provisions in the contract." (Pl.'s Resp. Mot. Strike at 6-7 (emphasis added).) In addition, Tradewinds attaches an affidavit from its president stating that Tradewinds entered into the contract without negotiations. (Pl.'s Resp. Mot. Strike Ex. B, Nini Aff. ¶ 4.) Although Plaintiffs do not allege that the contract could not be negotiated, only that there were no substantial negotiations, JSSI offers no argument that the terms were in fact susceptible to negotiation. Therefore, this factor therefore weighs in favor of Plaintiffs and against a finding of waiver.

The second factor to be considered is the conspicuousness of the waiver provision. A waiver provision is conspicuous when it stands out from the majority of the document. *See Household Commercial Fin. Svcs. Inc. v. Suddarth*, No. 01 C 4355, 2002 WL 31017608, at *8 (N.D. Ill. Sept.

---

[3] "The circuits are split on whether the party asserting the validity of such a waiver bears the burden of proof as to whether the waiver was knowingly and voluntarily executed." *Pierce v. Atchison Topeka & Santa Fe Ry. Co.*, 110 F.3d 431, 435 (7th Cir. 2002). However, the Court need not resolve the issue because no matter where the burden lies, it is clear that Plaintiffs waived their right to a jury trial. *See Household Commercial Fin. Servs., Inc. v. Suddarth*, No. 01 C 4355, 2002 WL 31017608, at *8 (N.D. Ill. Sept. 9, 2002).

9, 2002) (finding a provision conspicuous when the font was in all capital letters and in boldface type); *see also Mellon Bank, N.A. v. Miglin*, No. 92 C 4059, 1993 WL 281111, at *12 (N.D. Ill. Apr. 29, 1993) (finding the waiver provision sufficiently conspicuous when the typeface was the same as all other provisions within the seven page contract and distinguishing a case in which the provision was hidden in a twenty-two page document); *In re Reggie*, 671 F. Supp. at 574 (holding that a waiver clause was conspicuous where it was found "at the end of a paragraph, just two inches above the parties' signatures").

The waiver provision in the contract, entitled "Waiver of Jury Trial," reads: "EACH OF THE PARTIES HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHTS IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON . . . ." (Am. Compl. Ex. A, Contract at 14.) The waiver provision is one of only two provisions in all capital letters within the fifteen-page contract, and it plainly stands out from the majority of the document. Because the provision is sufficiently conspicuous, this factor weighs in favor of waiver.

Third, the Court must analyze the relative bargaining power of the parties. Typically, sophisticated and experienced parties to a contract do not present bargaining power issues serious enough to invalidate a waiver provision. *See Mellon Bank*, 1993 WL 281111, at *12 (distinguishing its facts, involving sophisticated and experienced businessmen, from cases where a party desperately needed funds or had no opportunity to negotiate); *see also Bonfield v. AAMCO Transmissions, Inc.*, 717 F. Supp. 589, 596 (N.D. Ill. 1989) (holding that the jury waiver was enforceable, despite the defendant's unwillingness to accept changes to a contract, because the plaintiff could freely reject the deal). Tradewinds deals with multimillion-dollar aircrafts in the ordinary course of business and

8

is a sophisticated and experienced party. In addition, Plaintiffs do not argue that they had no choice but to enter into the contract. This factor therefore weighs in JSSI's favor.

The last factor addresses whether the party's counsel had an opportunity to review the contract. Plaintiffs contend that they did not employ or retain an attorney to review the contract, but they do not argue that they could not have done so. (Pl.'s Resp. Mot. Dismiss at 7.) Courts have enforced jury waivers when, as in this case, the parties have an opportunity to review the contract but choose not to do so. *See Bonfield*, 717 F. Supp. at 596; *Sutter Ins. Co. v. Applied Sys., Inc.*, No. 02 C 5849, 2004 WL 161508, at *7 (N.D. Ill. Jan. 26, 2004); *Household*, 2002 WL 31017608, at *8. Accordingly, this factor also weighs in favor of JSSI.

Plaintiffs' final argument is that the Tradewinds representative who signed the contract did not realize that he was "signing away Plaintiffs' right to a jury trial." (Pl.'s Resp. Mot. Dismiss at 6.) However, "the failure to read an agreement provides defendants no relief from the application of a jury waiver provision." *Household*, 2002 WL 31017608, at *8. Three of the four relevant factors clearly militate in favor of finding that Plaintiffs waived their right to a jury trial, and JSSI's motion to strike the jury demand is therefore granted.

## III.    Motion to Strike Request for Consequential Damages

Paragraph B in the Amended Complaint's prayer for relief requests a "further award for any and all natural, proximate and probable or direct consequential damages." (Am. Compl. ¶ B.) JSSI argues that this request for damages should be stricken because the contract states: "JSSI shall in no event be liable to the Customer for any loss of revenue, loss of profits or any similar business loss arising from the failure of JSSI to perform its obligations hereunder," and "[i]n no event shall JSSI be liable for consequential or incidental damages incurred by Customer." (Am. Compl. Ex. A,

Contract at 8.) "Waivers of consequential damages are not prohibited unless 'unconscionable,' and the same principle has, sensibly in our view, been assumed applicable to waivers of incidental damages." *Cole Energy Dev. Co. v. Ingersoll-Rand Co.*, 8 F.3d 607, 611 (7th Cir. 1993) (quoting 810 ILL. COMP. STAT. § 5/2-719(3)). Plaintiffs do not contend that the contract's waiver of consequential or incidental damages provision is unconscionable, and they do not otherwise argue that Paragraph B should not be stricken. Instead, Plaintiffs opine that Paragraphs 21(d)-(f), which were not even addressed in JSSI's motion, should not be stricken. The Court finds that the contract expressly waives the right to recover consequential and incidental damages, and Plaintiffs have failed to offer any proof or argument that this provision should not be enforced. Therefore, JSSI's motion to strike is granted, and Paragraph B of the prayer for relief is stricken to the extent that it seeks an award for consequential or incidental damages.

## CONCLUSION

For the reasons set forth above, JSSI's motion to dismiss [doc. no. 22-1] is denied, and JSSI's motion to strike [doc. no. 23-1] is granted. Plaintiffs' Motion for Leave to Supplement Response Brief to Motion to Dismiss [doc. no. 34-1] is denied.

**SO ORDERED**                    **ENTERED:**    9/27/04


HON. RONALD A. GUZMAN
United States Judge

10