UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRADEWINDS AVIATION, INC., and )
CORPORATE EAGLE CAPITAL, L.L.C. )
                                  ) 04 C 1406
     Plaintiffs, )
                                  )
v.                          ) Judge Ronald Guzman
                                  )
JET SUPPORT SERVICES, INC.     ) Magistrate Judge Ashman
                                  )
     Defendant. )

**NOTICE OF FILING**

TO:    All Counsel of Record
        See Attached Service List

     PLEASE TAKE NOTICE that on October 27, 2004, we have filed with the Clerk of the United States District Court for the Northern District of Illinois, the Plaintiffs', TRADEWINDS AVIATION, INC. and CORPORATE EAGLE CAPITAL, L.L.C., Response to Motion to Dismiss, a copy of which is attached hereto.

                                    Respectfully submitted,

                                    MERLO KANOFSKY BRINKMEIER & GREGG, Ltd.

                          By: _____
                                    Donald G. Machalinski

Attorneys for the Plaintiffs,
TRADEWINDS AVIATION, INC. and
CORPORATE EAGLE CAPITAL, L.L.C.
Donald G. Machalinski
MERLO KANOFSKY BRINKMEIER & GREGG, Ltd.
208 South LaSalle Street, Suite 950
Chicago, Illinois 60604
(312) 553-5500

FILED OCT 27 2004 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

DOCKETED OCT 29 2004

## PROOF OF SERVICE BY MAIL

Eileen F. Foley, being first duly sworn on oath deposes and states the attached document was served on the party, as above addressed, by enclosing a copy of same in an envelope, sealed, postage prepaid, and depositing same in United States Mail Chute at 208 South LaSalle Street, Chicago, Illinois, 60604 on October 27, 2004.

_____
Eileen F. Foley

SUBSCRIBED & SWORN to
before me on October 27, 2004.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
DONALD G. MACHALINSKI
Notary Public, State of Illinois
My Commission Expires 4/2/05

2

## SERVICE LIST

Attorney for Plaintiffs,
Tradewinds Aviation, Inc. and
Corporate Eagle Capital, LLC.
Scott Torpey
Sheila Cummings
Jaffe, Raitt, Heuer & Weiss, P.C.
27777 Franklin Road
Suite 2500
Southfield, MI 48034-8214
248.351.3000
248.351.3082 - fax

Michael J. Merlo
Donald G. Machalinski
Merlo Kanofsky Brinkmeier & Gregg Ltd.
208 S. LaSalle Street
Suite 950
Chicago, IL 60604
312.553.5500
312.553.1586 – facsimile

Attorneys for the Defendant,
Jet Support Services, Inc.
Monte Loren Mann
Joseph J. Siprut
Novack & Macey
303 West Madison Street
Suite 1500
Chicago, IL 60606
312.419.6900
312.419.6900 - fax

J:\users\DGM\DATA\Tradewinds\notice.filing.response.MTD.102704.doc

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRADEWINDS AVIATION, INC. and CORPORATE EAGLE CAPITAL, L.L.C., ) ) ) Plaintiffs, ) ) v. ) ) JET SUPPORT SERVICES, INC., ) ) Defendant. ) ) | Case No. 04 C 1406 Hon. Ronald Guzman |

FILED OCT 27 2004 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED OCT 29 2004

### RESPONSE BRIEF IN OPPOSITION TO MOTION TO STRIKE OR DISMISS PLAINTIFFS' CLAIM FOR REPAIR TO RENTAL ENGINE

#### INTRODUCTION

Plaintiffs Tradewinds Aviation, Inc. ("Tradewinds") and Corporate Eagle Capital, L.L.C. ("Corporate Eagle") (collectively, the "Plaintiffs"), through their undersigned counsel, respond in opposition to Defendant Jet Support Services, Inc.'s ("JSSI") motion as follows:

#### BRIEF STATEMENT OF FACTS

Plaintiffs and JSSI entered into the Complete Engine Maintenance Program Contract number 091D-1 (the "Contract," attached as **Exhibit A**). On or around February 20, 2004, Plaintiffs filed a complaint against JSSI alleging breaches of that Contract including, among other claims, a claim for JSSI's failure to pay for the costs of repair and/or replace a rental engine. JSSI has yet to answer the complaint or the subsequently filed first amended complaint (collectively the "Complaint") but, instead, has filed three consecutive Rule 12(b)(6) motions to dismiss different portions of the Complaint. *See* First Amended Complaint attached as **Exhibit B**. JSSI should not be permitted to stall the progress of this litigation by presenting a piecemeal effort to dismiss the Complaint and, filing this (yet another) motion to dismiss because the Court

denied its past motions to dismiss. Because Plaintiffs have twice responded, before this response, to motions to dismiss, they will not burden the Court with a lengthy and repetitious statement of facts but refers the Court to *Plaintiffs' Response Brief to Motion to Dismiss Complaint of Plaintiff Corporate Eagle Capital, LLC* (filed on May 18, 2004) and *Plaintiffs' Response Brief to Motion to Dismiss Count II of the Amended Complaint* (filed on July 15, 2004) if the Court finds it necessary to review the facts of this case again.

In its most recent effort, JSSI alleges that repair and replacement coverage for the rental engine is not provided for in the Contract. First, this Court must deny JSSI's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) because Plaintiffs have stated a claim in their well-pleaded Complaint and First Amended Complaint regarding the rental engine. JSSI's motion lacks merit because the Contract does provide for "repair and maintenance service to rental engines" and does not, as required, expressly exclude coverage of the rental engine as alleged in Plaintiffs' Motion. Moreover, Plaintiffs would not have agreed to such a "Complete Engine Maintenance Program Contract" which does supply or cover the rental and installation costs of the rental engine, without providing coverage for damage to a rental engine. Furthermore, if JSSI's intention is to disguise a summary judgment motion as this motion to dismiss or, in the alternative, motion to strike, this Court still must deny the motion because, as a matter of law, there is a question of fact as to whether the Contract provides for the rental engine's repair and/or replacement. In fact, JSSI's own Midwest Regional Sales Manager (Jason Zilberbrand) testified that if the heat damage was not caused by pilot error but was due to a mechanical defect, both the original and rental engines are 100% covered. *See* relevant pages of Zilberbrand's deposition transcript, attached as **Exhibit C**, p. 50, lines 6-20; p. 51, lines 4-13; and p. 57, lines 6-19.

2

## ARGUMENT

I. **THIS COURT MUST DENY JSSI'S THIRD ATTEMPT AT DISMISSING PORTIONS OF THIS LAWSUIT BECAUSE PLAINTIFFS' COMPLAINT SETS FORTH A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

    A. **Plaintiffs Have Met Their Burden in Setting Forth a Claim Upon Which Relief May Be Granted in their Amended Complaint.**

The Federal Rules of Civil Procedure provide for dismissal of a claim for a failure to state a claim upon which relief can be granted. Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges whether the complaint sets forth a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In deciding a motion to dismiss, the Court must assume all well-pleaded facts as true and draw all reasonable inferences from such facts in favor of the claimant. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, under the federal notice pleading standard, a short and plain statement of the claim and the grounds for such claim is sufficient to survive a motion to dismiss, detailed facts are not required. *Id.* at 47. Plaintiffs have met this burden in their well-pled Complaint.

In the Complaint, Plaintiffs alleged that the Contract provides for the coverage of the "rental engines, in the event the original engine on the aircraft is out of service due to scheduled or unscheduled maintenance." *See* Complaint, Exh. B, ¶¶ 8, 14. Moreover, the Contract attached to the Complaint specifies coverage for rental engines in Section IV. entitled "Rental Engines." *See* Contract, Exh. A, p. 8. As JSSI argued in its Motion, the Contract which is attached as an exhibit to the Complaint becomes a part of the pleadings to be considered in this motion to dismiss. Fed.R.Civ.Pro. 10(c). Therefore, based on the pleadings, Plaintiffs have stated a claim upon which relief may be granted in demonstrating that the Contract was not limited to coverage on the engines specified in the Application when the "Rental Engines" provisions contemplates coverage for separate and distinct engines.

3

### B.  The Contract Provides for "Repair and Maintenance Services" to "Exchange or Rental Engines"

Under Section I of the Contract, titled "Obligations of JSSI," it states in relevant part: "The <u>repair and maintenance services</u> to be provided to the Customer pursuant to the Program as follows:

> (d)  Exchange or Rental Engines, Components, or Modules during extended Unscheduled Maintenance or Scheduled Maintenance . . .

*See* Contract, Exh. A, p. 1. Accordingly, at a minimum, an ambiguity and thus a fact question exists regarding whether the "Obligations of JSSI" under this provision includes "repair and maintenance services" for "Rental Engines" as Section 1 contends.

### C.  The Contract Does Not Expressly Exclude the Repair and Replacement of the Rental Engine and, Therefore, Is Ambiguous As To JSSI's Coverage for Rental Engines.

The basic rule of contract interpretation is that a court in construing a contract must ascertain and give effect to the parties' intent at the time the parties entered into the contract. *Utility Audit, Inc. v. Horace Mann Service Corporation,* 383 F.3d 683, 687 (7th Cir. 2004). JSSI and Plaintiffs entered in the Contract in order for JSSI to reimburse Plaintiffs for costs of repairing and/or replacing the original engine, and the costs associated with the rental, repair and /or replacement of rental engines, in the event the original engine on the aircraft is out of service due to scheduled or unscheduled maintenance. JSSI argues that the Contract does not provide for repair and/or replacement of the rental engine.

Significantly, Section III of the Contract which deals with both scheduled and unscheduled engine maintenance contains a list of "excluded events" at Subsection (i). None of the exclusions, however, are for repair of damage to rental engines paid for by JSSI pursuant to those same engine maintenance provisions. At the very least, since there is nothing expressly excluding repair and/or replacement of rental engines which are paid for by JSSI under the

4

Contract as replacements for the original engine, there exists an ambiguity in the Contract regarding the rental engine coverage. It is well-established law that ambiguous language in a contract should be construed against the drafter. *See Ancraft v. Prods. Co. v. Universal Oil Prods. Co.*, 100 Ill.App.3d 694 (Ill.App.Ct. 1981).

As JSSI indicates, the Contract contains an exhibit describing the engines with their corresponding serial numbers which JSSI purports to be the only engines covered under the Contract (the "Application"). However, as JSSI knows, it is impossible for the parties to list the serial numbers of rental engines at the time the parties entered into the Contract. There was no way of knowing what the rental engine would be or its corresponding serial number. The parties could not have memorialized those serial numbers in the Contract.

There is yet another provision of the Contract that the Court must look to, and which controls the issue at hand—the "Rental Engine" provision at Section IV. This provision in the Contract specifically describes how JSSI contracted to pay for an engine beyond the two identified by serial numbers in the provision relating to the Application. Moreover, this provision too does not expressly exclude the repair and/or replacement of the rental engine. JSSI drafted the Contract and the separate provision on rental engines.

A contract is ambiguous if both parties were reasonable in adopting their different interpretations of the contract. *Murphy v. Keystone Steel & Wire Co.*, 61 F.3d 560, 565 (7th Cir. 1995). The determination of whether a contract is ambiguous is a question of law for the court. *Id.* But once the court determines that the contract is ambiguous, parol evidence may be considered by the trier of fact in determining the parties' intent. *LaSalle Nat'l Bank v. Service Merchandise Co*, 827 F.2d 74, 78 (7th Cir. 1987). There is ambiguity here in the provision relating to the rental engines. Testimony already taken in this case will clarify that it was the intention and understanding of both parties that the Contract would, and does, provide coverage

for the repair and/or replacement of any rental engines needed due to, in this case, unscheduled maintenance as a result of a bad fuel controller.

This extrinsic evidence includes the testimony of Jason Zilberbrand who is a former JSSI employee and its sales manager who negotiated the subject Tradewinds/JSSI Contract on behalf of JSSI when he was still employed there, but would now be considered a disinterested third-party whom Plaintiffs had to subpoena in order to take his deposition. Zilberbrand testified that JSSI was, in fact, responsible for all costs related to the rental engine which would include the repair and/or replacement costs incurred by Plaintiffs. *See* Zilberbrand's deposition transcript, Exh. C, p. 50, lines 6-20; p. 51, lines 4-13; and p. 57, lines 6-19.

While Plaintiffs understand that courts will not add clauses to which the contract is silent, *Klemp v. Hergott Group, Inc.*, 267 Ill.App.3d 574, 581 (1994), this is simply not the situation here. Plaintiffs are not asking the Court to add a provision regarding the coverage of rental engines. That provision exists and is, in fact, addressed in several portions of the contract as discussed above. Moreover, Section 1 of the Contract explains that JSSI's obligations do include the "repair and maintenance services" for "Rental Engines." *See* Contract, Exh. A, p. 1. Clearly, the parties did not intend for the Contract to be silent regarding rental engine coverage, therefore, it is appropriate to clarify the uncertainty that exists regarding the coverage of the rental engine. *Cf, Shields Pork Plus, Inc. v. Swiss Valley AG Service*, 329 Ill.App.3d 305, 312 (2002)(court allowed extrinsic evidence to explain provision already included in contract because the inclusion of the "ill-defined" provision could not mean that the parties intended the contract to be silent as to that provision). Once a contract has been deemed ambiguous, its effect on the parties is a question of fact. *Shields Pork Plus, Inc.*, 329 Ill.App.3d at 313, *citing Quake Construction, Inc. v. American Airlines, Inc.* 141 Ill.2d 281, 288-289 (1990). Therefore, the question of

whether the Contract provides coverage for the repair and/or replacement of the rental engine is a question for the jury.

### II. THIS COURT MUST DENY JSSI'S MOTION FOR SUMMARY JUDGMENT DISGUISED AS A MOTION TO STRIKE OR DISMISS BECAUSE, AT THE LEAST, THERE IS A GENUINE ISSUE AS TO WHETHER THE CONTRACT PROVIDES FOR THE REPAIR AND/OR REPLACEMENT OF THE RENTAL ENGINE

JSSI has essentially disguised a motion for summary judgment as a motion to strike or dismiss. As stated above, due to the ambiguity in the Contract, there exists a question of fact as to whether the Contract contemplates coverage of the repair and/or replacement of the rental engine. Rule 56 of the Federal Rules of Civil Procedure authorizes a Motion for Summary Judgment so that actions which fail to present any genuine issue of material fact may be disposed of before trial. Therefore, JSSI's argument fails as a matter of law because, at the very least, a question of fact exists which must be presented to the jury concerning the Contract's coverage of rental engines.

### CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that this Court denies JSSI's motion to strike or dismiss Plaintiffs' claim for repairs to the rental engine, and award Plaintiffs all costs and fees incurred in defending this motion.

Respectfully submitted,

Scott Torpey (P25311) (IL Bar 6202697)
JAFFE, RAITT, HEUER & WEISS,
Professional Corporation
Attorneys for Plaintiff
One Woodward Avenue, Suite 2400
Detroit, Michigan 48226
(313) 961-8380

7

Respectfully submitted,

*/s/ Donald G. Machalinski*

Donald G. Machalinski
MERLO KANOFSKY BRINKMEIER & GREGG, Ltd.
Attorneys for Plaintiff
208 South LaSalle Street, Suite 950
Chicago, Illinois 60604
(312) 553-5500

Dated: October 27, 2004

N:\users\DGM\DATA\Tradewinds\Response to Motion to Dismiss Rental Engine Claim_v1.DOC

8

*See Case File for Exhibits*